UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joyce Johnson, | No. 24-cv-2602 (KMM/ECW) |
| Plaintiff, | |
| v. | |
| Landlord Resource Network, LLC, | |
| Defendant. | |

---

| | |
|---|---|
| Benjamin Prigge, | No. 24-cv-3328 (KMM/ECW) |
| Plaintiff, | |
| v. | |
| Landlord Resource Network, LLC, | |
| Defendant. | |

---

| | |
|---|---|
| Kimberly Heins, | No. 24-cv-4105 (KMM/ECW) |
| Plaintiff, | |
| v. | |
| Landlord Resource Network, LLC, | |
| Defendant. | |

---

**ORDER ON MOTIONS FOR JUDGMENT ON THE PLEADINGS**

---

These related cases are before the Court on Defendant Landlord Resource Network's ("LRN") Motions for Judgment on the Pleadings. No. 24-cv-2602, Dkt. 25;

No. 24-cv-3328, Dkt. 21; No. 24-cv-4105, Dkt. 13. At the March 17, 2025 hearing, the Court denied the motions, and this Order memorializes the Court's reasoning.[1]

## BACKGROUND

The Plaintiffs allege that they all leased their respective homes from different landlords. Each Plaintiff's landlord retained LRN, a self-described "law firm for landlords," to pursue eviction proceedings against the Plaintiffs. *See, e.g.*, *Johnson*, No. 24-cv-2602, Compl. ¶ 6, Dkt. 1. During the eviction actions, Plaintiffs allege that LRN attempted to collect certain debts that they did not contractually or legally owe, thereby violating several provisions of the Fair Debt Collection Practices Act ("FDPCA").

In her suit against LRN, Plaintiff Joyce Johnson alleges she received rent assistance from the United States Department of Housing and Urban Development ("HUD"). Her former landlord discovered that HUD made a $796 overpayment of rent that should have been Ms. Johnson's responsibility. Because the landlord was required to return those funds to HUD, Ms. Johnson and the landlord agreed that she would reimburse the landlord in installments. However, after she made most of those payments, her landlord assessed another $796 charge to Ms. Johnson when there had been no additional HUD repayment or another reimbursement agreement. After her landlord's erroneous second assessment, Ms. Johnson continued to tender rent payments to the landlord for the correct amount she owed, but her landlord refused to accept those payments and treated her account as delinquent. Then her landlord hired LRN to bring an

---

[1] The Court also denied without prejudice the Plaintiffs' motions for partial summary judgment for discovery relevant to the Plaintiffs' claims and LRN's defenses to take place.

action in Minnesota state court to evict Ms. Johnson from the property. In the eviction proceeding, LRN asserted that Johnson owed the landlord $796 for the erroneously applied duplicate HUD reimbursement as well as unpaid rent that the landlord had refused to accept.

Benjamin Prigge similarly alleges that his landlord retained LRN to bring an eviction action against him. In it, the landlord and LRN asserted that Mr. Prigge owed the landlord almost $3,000. Mr. Prigge alleges that the eviction action overstated the amount he owed by $374. Finally, Plaintiff Kimberly Heins' landlord retained LRN to bring an eviction action in which it claimed that Ms. Heins owed more than $4,000, including several hundred dollars in fees that her landlord could not legally collect. Ms. Heins alleges that she and her landlord had negotiated a resolution of a tenant action in Olmstead County court that absolved her of any responsibility for those fees.

Plaintiffs initiated these FDCPA lawsuits against LRN in Minnesota state court. LRN removed each case to federal court and answered the Plaintiffs' complaints. After filing its answers, LRN moved for judgment on the pleadings in each case.

## DISCUSSION

### I.  Legal Standard

A motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). The distinction between a Rule 12(c) motion and a 12(b)(6) motion is "purely formal." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014) (quotation omitted). The facts alleged in the complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, the court takes all factual allegations in the complaint as true and construes all reasonable inferences therefrom in favor of the plaintiff. *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). However, the court does not take as true wholly conclusory allegations or the legal arguments offered by the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).

II.   Analysis

All three Plaintiffs claim that LRN's conduct in the state court eviction cases violated several provisions of the FDCPA—15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(10), 1692f(1). LRN argues that Plaintiffs have failed to state a claim under any of these provisions because LRN's alleged conduct in the eviction proceedings involved nothing more than the enforcement of a security interest. According to LRN, under the FDCPA's definition of "debt collector" and Supreme Court precedent, when a defendant is involved only in the enforcement of a security interest, it is a debt collector for purposes of a single operative provision of the FDCPA—15 U.S.C. § 1692f(6)—but not any of the provisions Plaintiffs do invoke. Plaintiffs don't assert any claim under

4

§ 1692f(6), LRN claims that as a matter of law Plaintiffs have failed to allege that it is a debt collector. Addressing LRN's argument requires an understanding of the FDPCA's definition of "debt collector" and the Supreme Court case on which LRN relies—*Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 473 (2019)

A defendant may be a "debt collector" for purposes of the FDCPA under either a "primary definition" or a "limited-purpose definition." *Obduskey*, 586 U.S. at 473 (2019). Under the primary definition:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).[2] The primary definition's language is "capacious." *Obduskey*, 586 U.S. at 475. And it is undisputed that a defendant who meets the primary definition of a debt collector is required to comply with the provisions of the FDCPA that Plaintiffs claim LRN violated.

On the other hand, the limited-purpose definition is narrower. It states:

> For the purpose of section 1692f(6) of this title, ["debt collector"] also includes any person who uses any instrumentality of interstate commerce or the mails in any

---

[2] Lawyers who attempt to collect amounts owed by consumers to the lawyers' clients can be debt collectors under the primary definition. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 599 U.S. 573, 593 (2010) (citing *Heintz v. Jenkins*, 514 U.S. 291, 292–93 (1995)); *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 644 (8th Cir. 2021). Courts determine on a case-by-case basis whether a lawyer or law firm "regularly" engages in collection efforts and thereby meets the statutory definition of "debt collector." *See Wells v. LF Noll, Inc.*, No. 18-cv-2079-CJW-KEM, 2019 WL 5596409, at *6 (N.D. Iowa Oct. 30, 2019) (quoting *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62–63 (2d Cir. 2004)).

>business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). In turn, section 1692f(6) prohibits a debt collector from:

>Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
>>(A) there is no present right to possession of the property . . .;
>>
>>(B) there is no present intention to take possession of the property; or
>>
>>(C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

In *Obduskey v. McCarthy & Holthus LLP*, the Supreme Court explored the interplay between the primary definition, the limited-purpose definition, section 1692f(6), and the other operative sections of the FDCPA establishing the boundaries of acceptable debt-collection practices. Dennis Obduskey obtained a bank loan to purchase a Colorado home, and he gave the bank a mortgage protecting its security interest in the property. 586 U.S. at 471. When Mr. Obduskey defaulted on the loan, his lender hired a law firm, McCarthy & Holthus LLP ("McCarthy"), to pursue nonjudicial foreclosure proceedings against Obduskey. *Id.* McCarthy sent Obduskey a letter notifying him that it intended to move forward with the nonjudicial foreclosure, and Obduskey responded with a letter disputing the debt. *Id.* at 471–72. Obduskey alleged that his dispute letter required McCarthy to cease collection efforts until it had validated the debt at issue. When McCarthy did not respond and moved forward with its collection efforts, Obduskey sued

6

McCarthy for violating the FDCPA. *Id.* (referring to the obligations created under 15 U.S.C. § 1692g(b)). McCarthy prevailed on a motion to dismiss arguing that it was not a debt collector because it was only involved in enforcement of a security interest under the limited-purpose definition, and the Supreme Court affirmed the dismissal. *Id.* at 472–73.

The *Obduskey* Court held that when a business is engaged in no more than enforcement of a security interest, it is a debt collector under the limited-purpose definition only for a claim under § 1692f(6), and such a defendant falls "outside the scope of the primary 'debt collector' definition." *Id.* at 469. Mr. Obduskey proposed a different reading of the "debt collector" term that would have subjected a defendant involved only in enforcement of a security interest to the main coverage of the Act rather than limiting application of the term to claims under § 1692f(6). *Id.* at 474–76. But the Court rejected that reading as contrary to the statute's plain language. It emphasized explicit statutory language indicating that the limited purpose definition did not transform an entity engaged only in security interest enforcement into a "debt collector" for purposes of the entire FDCPA.

> [T]he limited-purpose definition poses a serious, indeed an insurmountable, obstacle to subjecting McCarthy to the main coverage of the Act. It says that "*[f]or the purpose of section 1692f(6)*" a debt collector "*also* includes" a business, like McCarthy, "the principal purpose of which is the enforcement of security interests." § 1692a(6) (emphasis added). This phrase, particularly the word "also," strongly suggests that one who does no more than enforce security interests does *not* fall within the scope of the general definition. Otherwise why add this sentence at all?

*Id.* at 475 (emphasis in original).

LRN suggests that when it pursued evictions of the Plaintiffs in these cases, it was engaged in conduct that is functionally indistinguishable from the *Obduskey* defendant's efforts to obtain nonjudicial foreclosure on the plaintiff's mortgage. To draw that parallel, LRN emphasizes that, under Minnesota law, an eviction action is a summary proceeding to remove the tenant from the property and restore the landlord's possessory interest, *see* Minn. Stat. § 504B.001, subd. 4, while a separate action is required to recover unpaid rent. LRN says that its eviction litigation against the Plaintiffs here essentially involved no more than enforcement of a security interest just like the nonjudicial foreclosure efforts did in *Obduskey*, and consequently, its actions fall outside the main coverage of the FDCPA. For two reasons, the Court disagrees.

First, in arguing that *Obduskey* establishes its alleged pursuit of eviction actions against the Plaintiffs involved only enforcement of a security interest, LRN attempts to get too much mileage out of the Supreme Court's refusal to read the limited-purpose definition out of the FDCPA. *Obduskey* stands for a straightforward proposition—when an FDCPA defendant is involved in nothing more than the enforcement of a security interest, it is a debt collector only for purposes of claims asserted under 15 U.S.C. § 1692f(6), not the main coverage of the FDCPA. But contrary to LRN's position, *Obduskey* does not explicitly or impliedly establish a test for determining whether or not a defendant's actions have the primary purpose of security-interest enforcement. Thus, *Obduskey* really says nothing about whether, as a matter of law, the pursuit of an eviction action involves enforcement of a security interest. *See Kowouto v. Jellum L., P.A.*, 672 F. Supp. 3d 699, 703 (D. Minn. 2023) (rejecting an identical argument and finding that

"*Obduskey* does not address the circumstances here" and "has no relevance to this lawsuit"). Indeed, it was undisputed in *Obduskey* that the defendant's pursuit of nonjudicial foreclosure proceedings constituted nothing more than enforcement of a security interest. *Obduskey*, 586 U.S. at 474 ("No one here disputes that McCarthy is, by virtue of its role enforcing security interests, at least subject to the specific prohibitions contained in § 1692f(6)."). It is not surprising that such an issue was not before the Supreme Court given that the case involved only McCarthy's efforts to foreclose on a property for which its client held a mortgage, a classic security interest.

Second, LRN points to no authority that equates an eviction action in Minnesota to enforcement of a security interest. It is true, as LRN explains, that some courts confronting FDCPA claims have distinguished between defendants' efforts to regain possession of property in which they hold a security interest from attempts to collect on a defaulted loan. *See, e.g.*, *Barnes v. Routh Crabtree Olsen, PC*, 963 F.3d 993, 998–99 (9th Cir. 2020) (rejecting the plaintiff's attempt to distinguish judicial foreclosure proceedings from the nonjudicial foreclosure proceedings at issue in *Obduskey* where the party foreclosing did so based on a "deed of trust"). But none of these cases address eviction actions specifically, nor suggest that efforts to enforce a possessory interest necessarily involves enforcement of a security interest. Although the Eighth Circuit has not addressed this issue, courts in this District have observed that under Minnesota law, an eviction action is "equivalent to a demand for rent," and therefore qualifies as debt collection activity for purposes of the main coverage of FDCPA. *Kowouto*, 672 F. Supp. 3d at 702–03 (citing *Worley v. Engel*, No. 17-cv-1105 (PAM/SER), 2017 WL 3037558, at *3 (D.

9

Minn. July 18, 2017)).³ Because LRN points to no authority establishing that pursuing an eviction action has the "primary purpose of enforcement of a security interest," 15 U.S.C. § 1692a(6), it has not shown that the Plaintiffs' only path to FDCPA liability here runs through the limited-purpose definition and only for claims pursuant to § 1692f(6). As a result, the Court finds that Plaintiffs have sufficiently alleged that LRN is a "debt collector."

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED THAT** Defendant's Motions for Judgment on the Pleadings (No. 24-cv-2602, Dkt. 25; No. 24-cv-3328, Dkt. 21; No. 24-cv-4105, Dkt. 13) are **DENIED**.

Date: April 7, 2025                              *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge

---

³ LRN cites the dismissal order in *Seifert v. Hanbery & Turner, P.A.*, No. 18-cv-3273 (JNE/BRT) (D. Minn. Order dated June 12, 2019) as support for its argument that courts have reached different conclusions on this issue. This Court respectfully notes that the order cited by LRN contains no discussion of the issue in this case and reflects the plaintiff's agreement to dismissal of its FDCPA claims.